[Doc. No. 21]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

---

ANTONIO WEBSTER and SHARON
WEBSTER,

             Plaintiffs,

    v.

RONALD J. JOHNSON, JR.,

             Defendant.

Civil No. 06-0854 (RMB)

**OPINION**

---

**BUMB**, United States District Judge:

    This matter comes before the Court upon its own Order To Show Cause, issued on April 24, 2008, as to why this matter should not be dismissed for lack of subject matter jurisdiction. For the reasons set forth below, the Court now dismisses this matter.

Procedural History

    On April 23, 2008, the parties appeared before this Court on Defendant Ronald J. Johnson, Jr.'s motion for summary judgment. At that time, the Court questioned whether or not the Court had subject matter jurisdiction. Specifically, after reviewing the summary judgment motion and opposition papers, the Court

1

expressed concern that the amount in controversy did not appear to meet the threshold amount - greater than $75,000.

Plaintiffs' counsel argued then that the injuries sustained by Plaintiffs were permanent (e.g., carpal tunnel syndrome, chronic radiculopathy, reduced range of motion, tenderness, soreness and stiffness) and, thus, the question as to the amount in controversy was a jury issue.  Because the Court had first raised the jurisdictional issue at the April 23 hearing, it afforded the parties an opportunity to brief the issue to address the Court's concerns.  On May 15, 2008, Plaintiffs filed a two-page letter in response to the Court's order.  The Court permitted Defendant the opportunity to file a response on or before June 6, 2008.[1]

Factual Background

As alleged in the Complaint, on September 12, 2004, Plaintiffs were involved in a motor vehicle accident in which Defendant's car struck Plaintiffs' car while they were stopped at a red light.  Plaintiff Antonio Webster testified in his deposition that the accident caused a paint chip on the bumper of the car that was no larger than a quarter and that there was no

---

[1] Because the Court finds that the Plaintiffs' submission was woefully deficient and fails to demonstrate that this Court has subject matter jurisdiction, the Court sees no reason to wait until the Defendant files his response.

dent on the rear of the car.  (Def. Motion, Ex. A at 48).
Shortly after the accident, Plaintiffs drove themselves to the
hospital near their home where they were diagnosed with muscle
strain.  Their x-rays showed no fractures, though Plaintiff
Sharon Webster's x-ray showed evidence of mild scoliosis and
degenerative disc disease.

Plaintiffs underwent periodic physical therapy for their
injuries until April 2005, at which point they were released from
care based on their improved conditions.  The medical records
(which were included as part of the Defendant's motion for
summary judgment) indicated that both Plaintiffs had recovered
after this period of physical therapy.  Specifically, Dr. Parks
wrote that as of April 2005, Plaintiff Antonio Webster "had minor
complaints of occasional pain but felt overall improved" and
"requested to be discharged."  (Def. Motion, Ex. D).  Similarly,
Dr. Anakwe wrote that upon discharge in May 2005, Plaintiff
Sharon Webster "had full range of motion of all areas with no
evidence of tenderness or muscle spasm" and that "the injuries
sustained as a result of the 9/12/04 trauma had improved."  (Id.,
Ex. L).

One year later, however, Plaintiffs complained of pain again
and sought treatment for their pain.  After an MRI and EMG,
Plaintiff Antonio Webster was diagnosed with degenerative
changes, left carpal tunnel syndrome and chronic left

radiculopathy.  (Pl. Opp. at 12).  Plaintiff Sharon Webster also underwent an MRI, which showed disc bulging as well as degenerative disc disease and scoliosis.  (Id. at 13).  She complained of a reduced range of motion, tenderness, soreness, and stiffness.  (Id.).  Both Plaintiffs now claim that these injuries are permanent and attributable to the 2004 accident.[2]

The record before this Court at the time of the summary judgment motion was devoid of any evidence as to the value of the allegedly permanent injuries sustained by Plaintiffs.  Concerned by this lack of jurisdictional evidence, as discussed below, the Court questioned whether the $75,000 amount in controversy requirement was met.

Analysis

When a case is brought in federal court, there must be either a federal question or diversity of citizenship.  See 28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction requires that the parties be from different states and that the "matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332.  The "party who invokes the jurisdiction of the federal courts has the burden of

_____

[2] The fact that the records indicated that the Plaintiffs appeared to recover from their injuries, as set forth in the medical records, but then later claimed injury, was one of the facts that caused the Court to question Plaintiffs' counsel the value of the claim at the April 23 hearing.

demonstrating the court's jurisdiction." <u>Columbia Gas</u>
<u>Transmission Corp. v. Tarbuck</u>, 62 F.3d 538, 541 (3d Cir. 1995).
Courts "generally accept a party's good faith allegation of the
amount in controversy, but where a defendant or the court
challenges the plaintiff's allegations regarding the amount in
question, <u>the plaintiff who seeks the assistance of the federal</u>
<u>courts must produce sufficient evidence to justify its claims</u>."
<u>Id.</u> (internal citation omitted) (emphasis added).

    If there are factual disputes as to the amount in
controversy, the plaintiff must "justify his allegations by a
preponderance of evidence." <u>McNutt v. General Motors Acceptance</u>
<u>Corp. of Indiana</u>, 298 U.S. 178, 189 (1936) (emphasis added); <u>see</u>
<u>also</u> <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392,
398 (3d Cir. 2004). "[E]stimations of the amounts recoverable
must be realistic" and "the inquiry should be objective and not
based on fanciful, 'pie-in-the-sky,' or simply wishful amounts."
<u>Samuel-Bassett</u>, 357 F.3d at 403.

    This Court is aware of the long-established principle that
the federal diversity jurisdiction requirement "must be narrowly
construed so as not to frustrate the congressional purpose behind
it:  to keep the diversity caseload of the federal courts under
some modicum of control." <u>Packard v. Provident Nat'l Bank</u>, 994
F.2d 1039, 1044-45 (3d Cir. 1993). Moreover, as the Third
Circuit explained years ago, this Court is vested with discretion

to satisfy itself that it has subject matter jurisdiction:

> [g]iven the congressional intention to eliminate trials
> of unsubstantial diversity cases, and mindful that ...
> the intangible factor of pain, suffering, and
> inconvenience usually constitutes the largest single
> item of damages in personal injury claims, we have no
> difficulty in concluding that Congress intended that
> trial judges exercise permissible discretion prior to
> trial in adjudicating challenges to jurisdiction.

Nelson v. Keefer, 451 F.2d 289, 294 (3d Cir. 1971).[3]

In keeping with its obligation to ensure jurisdiction is proper, this Court expressed to Plaintiffs its concern that the amount in controversy did not appear to be in excess of $75,000, the jurisdictional threshold. Specifically, the Court questioned the value of Plaintiffs' allegedly permanent injuries and directed the Plaintiffs to show how this matter was properly before the Court.

Rather than demonstrating how these alleged injuries reach beyond $75,000, Plaintiffs continued to assert that the issue of damages was an issue for the jury, as opposed to one for the Court. On May 15, 2008, the Plaintiffs filed their response that set forth in total:

> While it was our contention that this is an issue for
> the jury, I hereby enclose for the court two similar
> New Jersey automobile accident case verdict and

---

[3] The Third Circuit further noted that, "[b]ecause the federal judiciary has been too timid to execute the congressional mandate in personal injury actions, we have all contributed to clogging dockets, monopolizing trial rooms, and committing the expense and energies of our system to a plethora of cases which do not belong in federal courts." Nelson, 451 F.2d at 395.

6

settlement squibs through a search of Westlaw, each of
which resulted in verdicts in excess of $75,000:

> 1) Nicholson v. Klett: L-7465-95: Total verdict:
>    $80,000
> 2) O'Hagan v. Zindell: L-841-95 (Superior Court
>    Ocean County): Total verdict: $87,500

It should be noted that there are very few reported
cases to begin with, and especially so with this
particular fact pattern, and that the vast majority of
automobile accidence cases settle without report to the
court.

In sum, it is the Plaintiff's position that this
court should retain jurisdiction in this case.  Thank
you for your consideration.

(Dkt. No. 24).

Plaintiffs' response failed to set forth any analysis of the

facts in the cases cited or any analogy of those cases to the

present case.  Upon the Court's own analysis, it is clear that

these cases are readily distinguishable from the present case.

Nicholson involved a TMJ injury which permanently prevented the

plaintiff from chewing hard foods; O'Hagan involved a multi-car

collision which was ultimately resolved in a settlement among the

various parties.  In this case, which does not involve multiple

parties and is not at the settlement stage, Plaintiffs have

submitted nothing to show the value of their allegedly permanent

injuries.

As long-established precedent dictates, the burden of

establishing subject matter jurisdiction, when questioned, rests

on the party seeking to invoke the court's federal jurisdiction.

7

At a minimum, the party should make an attempt to assist the Court in understanding how the case belongs in federal court. The party cannot avoid its burden by shuffling it off as a jury question, as Plaintiffs have done here.

In sum, this Court finds that Plaintiffs' response to the Court's searching question related to subject matter jurisdiction is both legally and factually deficient.  Just as Plaintiffs did at oral argument, they continue to rely on their fanciful or hypothetical objectives of achieving an award greater than $75,000.  This does not meet the test.  Plaintiffs have failed to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the requisite $75,000.

Accordingly, the Court dismisses this action for lack of subject matter jurisdiction.  An accompanying Order shall issue.


Dated:  May 23, 2008            s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                UNITED STATES DISTRICT JUDGE

8